UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 09-01748 MMM (RZx) |
| Date | July 13, 2009 |

| | |
|---|---|
| Title | *Terry Carlos v. City of Los Angeles et al.* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order Remanding Action for Lack of Subject Matter Jurisdiction**

On August 27, 2008, plaintiff Terry Carlos filed a complaint for employment discrimination against the City of Los Angeles and certain fictitious defendants in Los Angeles Superior Court.[1] On March 13, 2009, the City removed the action to this court pursuant to 28 U.S.C. §§ 1331, 1441(a), (b), asserting that it fell within the court's federal question jurisdiction.[2] The City stated that, based on Carlos's responses to discovery requests, "it is now apparent that the substance of Plaintiff's discrimination claim, although the claim is alleged under state law, is actually a challenge to the manner in which Defendant has applied the terms of a federal Consent Decree."[3] On May 1, 2009, the court ordered defendant to show cause why the action should not be remanded for lack of subject

---

[1] See Defendant City of Los Angeles' Notice of Removal to Federal Court ("Notice of Removal"), Docket No. 1 (Mar. 13, 2009), Exh. 1 ("Complaint").

[2] The case was originally assigned to Judge Gary Feess, but was transferred to this court on April 8, 2009, because the court had handled *John W. Hunter et al. v. City of Los Angeles*, CV 92-01897 MMM, the action in which the consent decree was entered.

[3] Notice of Removal at 2.

matter jurisdiction.[4] Defendant filed a responsive pleading on May 15, 2009.[5] Plaintiff replied on May 21.[6]

## I. BACKGROUND

Carlos is a 49-year-old Hispanic Los Angeles Police Department ("LAPD") detective who has worked for the LAPD for twenty-eight years.[7] In approximately June 2007, Carlos applied and was interviewed for the position of police lieutenant; he passed a promotional examination and was found to be qualified for promotion.[8] In September 2007, the City of Los Angeles used job-related criteria to evaluate and score candidates for promotion.[9] When the results of this evaluation were published, Carlos ranked 92nd on the list.[10]

In early October 2007, a Transfer Order promoted two other candidates to the lieutenant position.[11] Both of these individuals were ranked below Carlos (93rd and 101st), and both were non-Hispanic (Asian-American and African-American, respectively).[12] In late December 2007, another Transfer Order promoted a third lower-ranked, non-Hispanic candidate to lieutenant (an African-American ranked 106th).[13]

Carlos contacted the City's Police Department Position Control/Personnel Division to

---

[4]Order to Show Cause Why Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction ("OSC"), Docket No. 10 (May 1, 2009).

[5]Defendant City of Los Angeles's Response to Order to Show Cause Why Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction ("Defendant's Response"), Docket No. 11 (May 15, 2009).

[6]Plaintiff's Reply to Defendant's Response ("Plaintiff's Reply"), Docket No. 12 (May 21, 2009).

[7]Complaint, ¶ 11.

[8]*Id.*, ¶ 13.

[9]*Id.*, ¶ 14.

[10]*Id.*

[11]*Id.*, ¶ 15.

[12]*Id.*

[13]*Id.*, ¶ 16.

determine the reason that he had been passed over for promotion. He asserts that the City advised him that the promotions conformed to the "Hunter/La Ley Decision."[14] The Hunter/LaLey consent decree was entered on August 21, 1992 by then-District Judge A. Wallace Tashima. The consent decree was intended to implement an affirmative action plan providing "goals and special programs designed to address the underrepresentation of African American, Hispanic, and Asian American sworn LAPD officers in promotions to the civil service classifications of Detective, Sergeant, and Lieutenant."[15] Carlos interpreted the City's response to his inquiries "to mean that the City of Los Angeles Police Department had met its goals for promoting Hispanics from the Lieutenants' promotional list, but that it was low in African-Americans and other minorities."[16] He believes that "his Hispanic race and national origin was and is the sole criterion upon which defendants relied in denying him a promotion to Lieutenant, and in promoting officers of other races and national origins over him, despite [his] superior scores on the promotional examinations and ranking on the promotional list."[17] Carlos filed a discrimination charge with the California Department of Fair Employment and Housing ("DFEH") on May 9, 2008, and received a right-to-sue letter from the agency on May 21, 2008.[18] He then filed this lawsuit.

As noted, the City removed the action to this court on March 13, 2009. It asserted that the removal was timely since it occurred "within thirty [ ] days of being served with [Carlos's] discovery responses on February 12, 2009, that disclosed the basis for [f]ederal jurisdiction."[19] The City also asserted that, because Carlos's "only allegation in this lawsuit is that the City incorrectly applied the terms of the Hunter/La Ley consent decree," his state law claim "is predicated upon the interpretation and enforcement of a District Court Order (i.e., the Consent Decree)," such that federal question jurisdiction exists.[20]

## II. DISCUSSION

### A. Legal Standard Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v.*

---

[14]*Id.*, ¶ 20.

[15]See Notice of Removal, Exh. 6 (Consent Decree), ¶ 20.

[16]Complaint, ¶ 20.

[17]*Id.*, ¶ 21.

[18]*Id.*, ¶¶ 29-30.

[19]Notice of Removal at 3.

[20]*Id.* at 3-4.

*Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a "federal question" or is between citizens of different states.  See 28 U.S.C. § 1441(a), (b).  Thus, only state court actions that could originally have been filed in federal court may be removed.  28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart*, 592 F.2d at 1064).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712, n. 3 (9th Cir. 1990) and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.     Legal Standard Governing Removal Based on Federal Question Jurisdiction

Absent diversity of citizenship, federal question jurisdiction is required for removal. *Caterpillar*, 482 U.S. at 392; see also 28 U.S.C. § 1441(b).  Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction is presumed to be absent unless defendants, as the parties seeking to invoke removal jurisdiction, show that plaintiffs have alleged: (a) a federal cause of action, *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); (b) a state cause of action that requires resolution of a substantial issue of federal law, *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921); or (c) a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987); *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968).

Since a defendant may remove a case under § 1441(b) only if the claim could originally have been filed in federal court, whether removal jurisdiction exists must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  It is not enough for removal purposes that a federal question may arise in connection with a defense or counterclaim.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; see also *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152 (1908).  For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13.  A

claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; see also *Mottley*, 211 U.S. at 152. "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998); see also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

### C. Whether this Action Was Properly Removed on the Basis of Federal Question Jurisdiction

The City contends that Carlos's state law employment discrimination claim is predicated on the Hunter/La Ley consent decree – over which this court has continuing jurisdiction – and that this vests the court with federal question jurisdiction to hear Carlos's action. In its order to show cause, the court explained that the City apparently misconstrued Carlos's claim. A review of the complaint shows that Carlos does not challenge the manner in which the Hunter/La Ley consent decree has been implemented (e.g., he does not argue that the LAPD has failed to promote the number of Hispanic officers required by the consent decree). Rather, he asserts that, in complying with the Hunter/La Ley consent decree, the City has discriminated against him on the basis of his race/national origin in a manner that violates California law.

The claim as pled thus raises an issue (reverse discrimination against Hispanics in favor of African- and Asian-Americans) *separate* from that addressed in the Hunter/La Ley consent decree (discrimination against Hispanics, African American, and Asian American officers in favor of white officers). See, e.g., *O'Shea v. City of San Francisco*, 966 F.2d 503, 505-06 (9th Cir. 1992) ("In *Barfus v. City of Miami*, white employees of the Miami Fire Department filed a complaint against the City of Miami alleging that they were denied promotions in favor of less qualified minorities in violation of federal law. . . . The district court dismissed plaintiffs' complaint as an impermissible collateral attack on a 1977 consent decree. The Eleventh Circuit reversed and remanded stating: [']While not quarreling with the law relied upon by the district court, we reverse because we do not deem plaintiffs' Title VII complaints to be an attack upon the consent decree. The complaints do not challenge the terms of the decree; nor do they seek to modify the decree. Neither do we think that the complaints seek relief pursuant to the decree.['] The court held that the claims presented in *Barfus* 'are individual and independent claims of reverse discrimination . . . rather than an action

seeking to enforce rights created in [plaintiffs'] favor by the decree.' [ ] . . . We find *Barfus* persuasive and adopt its reasoning" quoting *Barfus*, 936 F.2d 1182, 1185-86 (11th Cir. 1991) (citations omitted)). As California district courts have observed, "the Supreme Court has rejected as a basis for removal the assertion that a state court suit is closely related to a federal suit, even where the state suit contravenes the terms of a settlement of that federal action." *Hornung v. City of Oakland*, No. C-05-4825 EMC, 2006 WL 279337, *3 (N.D. Cal. Feb. 3, 2006) (citing *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 (2002)).

In its response to the court's order to show cause, defendant does not address this precedent. Rather, it argues that plaintiff's discovery responses and conversations between counsel concerning the scope of plaintiff's claims indicate that "the crux of [his] lawsuit is that the City allegedly incorrectly applied the terms of the Hunter/La Ley Consent Decree."[21] Defendant asserts that "to the extent . . . Plaintiff argues, in the alternative, that the Consent Decree, in itself, must be invalidated, this court has jurisdiction over that claim, as well."[22] Plaintiff's complaint, however, *nowhere* asserts that the consent decree must be invalidated, nor does it suggest in any manner that "the crux" of the suit is defendant's allegedly incorrect application of the consent decree's terms. Rather, as plaintiff correctly notes in his reply, defendant persists in attempting to recast his claim, which arises solely under California law, as one falling within federal question jurisdiction on the basis of an affirmative defense (i.e., the City's compliance with the consent decree).[23] A federal defense does not, as previously noted, provide a basis for the exercise of federal question jurisdiction. Further, Congress has not transformed California employment discrimination claims into federal causes of action by preempting the field.

### III. CONCLUSION

Because there is no federal question raised on the face of Carlos's complaint, the court lacks subject matter jurisdiction to hear this action, and directs that it be remanded to state court forthwith.

---

[21]Defendant's Response at 7. Specifically, defendant argues that several documents produced by plaintiff "point to this conclusion, including a report concerning the City's compliance with the Hunter-LaLey Consent Decree for fiscal year 2007-2008, statistical information concerning the racial breakdown of the City of Los Angeles, and various memoranda [ ] and a newsletter concerning the implementation of the Hunter-LaLey Consent Decree. (*Id.*)

[22]*Id.* at 8.

[23]Plaintiff's Reply at 2-4.